## HOLMES & CO. *v.* LACROIX.

Where a party to a cause takes a rule on his adversary to show cause why depositions should not be read in evidence, and the rule is served and regularly made absolute, it will be too late to object on the trial of the case to their introduction in evidence, on the ground of the incompetency of the officer who executed the commission.

APPEAL from the Sixth District Court of New Orleans, *Cotton*, J.
*Roselius* and *Alf. Phillips*, for plaintiffs. *Purvis & Dugué*, for defendant and appellant.

SPOFFORD, J. The appellant contends that the answers of the plaintiffs to interrogatories propounded by him, and taken under commission in the State of Pennsylvania, were improperly received in evidence.

His objection is that they were taken by a notary public, who was not a competent officer to administer oaths, or whose capacity was not shown.

The objection came too late. It was only made on the trial of the cause, and the plaintiffs had availed themselves of the privilege accorded by the 17th section of the Act of March 20th, 1839, by taking a rule on the defendant to show cause, on a certain day, why the answers aforesaid should not be used as evidence in the cause; this rule was duly served on the defendant's counsel, and on the return day was made absolute, the defendant taking no exceptions thereto. If the notary was an improper person to take and certify the testimony, there was an "irregularity in the execution of the commission;" but,

14

HOLMES
*v.*
LACROIX.

as the defendant failed to urge this objection before the cause was called for trial on its merits, although ample opportunity was given by the rule, he was precluded by the statute from taking advantage of it afterwards.

It is further urged, that no evidence was given of the payee's endorsement of the note sued on, and therefore no title in the plaintiffs is established.

But there is an admission in the record signed by the attorneys of both parties in these words : "It is agreed that the note sued on in this case be considered as evidence." The note when sued on had the endorsements upon it and proof of their genuineness was waived by this agreement of counsel.

Judgment affirmed.